**BRENNER MARINE**

v.

**BOYER.**

Toledo Municipal Court, Ohio,
Lucas County.

Nos. CVF–98–02831.

Decided Jan. 21, 1999.

**24**

*Thomas M. Balyeat,* for plaintiff.

*Robert L. Boyer, pro se.*

THOMAS J. OSOWIK, Judge.

The court finds that this case proceeded to trial before the court on plaintiff Brenner Marine's complaint and defendant Robert L. Boyer's counterclaim.

The court further finds from the testimony and evidence adduced at trial that the defendant purchased a pleasure boat from the plaintiff on or about April 14, 1996. The purchase was the result of an open bid process, not a public auction or judicial sale. The purchase price was $15,801, of which the defendant paid the amount of $14,600. The defendant took possession of the boat and failed to pay the balance of the agreed-upon purchase price.

The evidence further establishes that plaintiff Brenner Marine was a broker for the lienholder of the boat, Key Bank. The boat was not considered to be a titled boat, but was considered to be a "documented" boat.

According to the testimony of the defendant, he could not lawfully operate or license this boat until he had acquired clear title, which the defendant contends was never forthcoming from the plaintiff.

Ohio Administrative Code 1501:47–1–02 establishes procedures for the registration and operation of watercraft. That section states the following:

"1501:47–1–02   Registration certificate.

"The owner of any watercraft required to be registered under the provisions of section 1547.54 of the Revised Code shall, prior to the operation of such watercraft, apply to the chief of the division of watercraft or his agents for a registration certificate for such watercraft. The registration certificate shall include the following information:

"(A) Number assigned to watercraft by the division of watercraft or the United States coast guard.

"(B) Expiration date of registration certificate.

"(C) Date issued.

"(D) Type of boat (outboard, inboard, sail, row, canoe, other).

"(E) Name and address of owner(s).

"(F) County of owners residence.

"(G) Decal number.

"(H) Water principally used.

"(I) Make of watercraft, year built.

"(J) Manufacturer's hull identification number, if the watercraft is required to have a hull identification number as prescribed by the regulations adopted by the United States coast guard.

"(K) Length of watercraft.

"(L) Type of use (pleasure, fishing, skiing, racing, rental, commercial).

"(M) Make of inboard motor(s), serial number, horsepower.

"(N) Hull material (wood, steel, aluminum, plastic, fiberglass, inflatable, other).

"(O) Fee.

"(P) Agent number.

"(Q) Title number issued or title status if no number.

"(R) Signature of owner(s).

"(S) Signature of agent.

"(T) Social security number of one owner.

"(U) Type of propulsion (outboard motor, I/O, inboard motor, hand powered, sail, jet, air boat)."

██ Thus, prior to the operation of any watercraft in Ohio, an owner must supply all of the aforementioned information to the Ohio Department of Natural Resources.

However, R.C. 1547.531(A) permits new owners of documented boats forty-five days within which to register the vessel.

█ In the case before the court, since the undisputed evidence establishes that the boat was a "documented" watercraft, the defendant could have registered the craft and operated this vessel pursuant to the provisions of Ohio Adm.Code 1501:47–1–02.

The court further finds from the credibility of the evidence that neither the plaintiff nor the defendant had any notice or knowledge of any title defects associated with the watercraft prior to the sale.

R.C. Chapter 1548 establishes the procedure and methods in Ohio for the transfer of ownership of watercraft. However, R.C. 1548.01(B) states:

"(B) This chapter does not apply to any of the following:

"(1) A watercraft covered by a marine document in effect that has been assigned to it by the United States government pursuant to federal law[.]"

Thus, since the watercraft involved in this case was a "documented" vessel, ownership can be evidenced by means other than those mandated by R.C. Chapter 1548. In fact, registration and operation of such "documented" watercraft is provided for in Ohio Adm.Code 1501:47–1–02.

Therefore, based upon the credibility of the testimony and thorough review of the law as it applies to the facts of this case, the defendant is obligated to the plaintiff for the remaining balance due pursuant to the terms of the purchase agreement. Since the Ohio Revised Code specifically exempts this documented watercraft from the Watercraft Certificate of Title Act (Chapter 1548 of the Ohio Revised Code), the defendant could have registered and operated the craft and, hence, his counterclaim for loss of use must be denied.

It is therefore ordered that judgment be awarded in favor of the plaintiff in the amount of $1,201, plus statutory interest at a rate of ten percent per annum from date of judgment herein, plus costs.

It is further ordered that judgment be awarded in favor of the plaintiff on the defendant's counterclaim.

The court further finds that this order is a final determination of all of the issues of all the parties before the court, pursuant to R.C. 2505.02.

Thus, this is a final and appealable order. The clerk shall so journalize this judgment on her records and, further, note the date of such journalization, the date of which shall commence the time for appellate review, and, further, notify all parties of this judgment.

*Judgment accordingly.*